DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**DANIELLE MURRAY,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D2023-2233

[November 20, 2024]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, Martin County; William L. Roby, Judge; L.T. Case No. 432022CF000041A.

Carey Haughwout, Public Defender, and Ian Seldin, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Richard Valuntas, Senior Assistant Attorney General, West Palm Beach, for appellee.

GROSS, J.

In this appeal, appellant raises two issues of sentencing error. We reverse on the first issue regarding the imposition of a $200 prosecution cost. On the second issue, while we reject appellant's contention that the circuit court imposed two $1,000 fines for a single DUI conviction, we remand for the court to clarify its records to reflect a single fine.

Appellant pled no contest to one count of driving under the influence with a blood or breath alcohol level of 0.15 percent or higher, a misdemeanor, and to one count of battery on a law enforcement officer and one count of resisting officer with violence, both felony offenses.

On appeal, appellant argues that because the state neither requested nor proved that it had expended more than $100 in funds to prosecute her, it was error for the circuit court to have imposed the $200 prosecution cost.

"[S]ection 938.27, Florida Statutes, mandates that costs of prosecution shall be set at no less than $100 per case when a felony offense is charged,

. . . and that [t]he court may set a higher amount upon a showing of sufficient proof of higher costs incurred." *Kelly v. State*, 284 So. 3d 565, 565 (Fla. 4th DCA 2019) (quoting § 938.27(8), Fla. Stat. (2018)) (internal quotation marks omitted); § 938.27(8), Fla. Stat. (2022) (providing that "[c]osts for the state attorney must be set in all cases at no less than . . . $100 per case when a felony offense is charged").

The state concedes error because, during the sentencing hearing, it neither requested nor presented evidence of a $200 prosecution cost. We therefore reverse "the $200 cost of prosecution and remand for the imposition of a $100 cost." *Johnson v. State*, 354 So. 3d 547, 549 (Fla. 4th DCA 2023) (reversing "a $200 cost of prosecution because the state did not request a higher amount or present sufficient proof to support the cost" and the state conceded error).

Payment of the $1,000 fine may be imposed as a condition of probation. However, on remand, it should be stricken from the list of "charges/costs/fees" to avoid any confusion.

*Affirmed in part, reversed in part and remanded with instruction.*

WARNER and CIKLIN, JJ., concur.

*       *       *

***Not final until disposition of timely filed motion for rehearing.***

2